IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| PARKER MEYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-640-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| JEFFREY ANDERSON and JEFF | ) | |
| ANDERSON & ASSOCIATES, P.A., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The following matter is before the court on plaintiff Parker Meyer's ("Meyer") motion to deposit funds and restrain defendants, ECF No. 5, and defendants Jeffrey Anderson ("Anderson") and Jeff Anderson & Associates, P.A.'s ("JAA") (collectively, "defendants") motion for a more definite statement, ECF No. 8. For the reasons set forth below, the court denies the motion to deposit funds and restrain defendants and grants in part and denies in part the motion for a more definite statement.

## I. BACKGROUND

Defendants formed an attorney-client relationship with Meyer in 2014. Anderson is an attorney who own and operates JAA. Without providing any additional context beyond her relationship with defendants, Meyer generally alleges that defendants "chose to invent, and chose to publicize, false and derogatory information about [Meyer], falsely purporting to claim intimate knowledge of [Meyer] to do so." Compl. ¶ 12. Defendants allegedly did so without Meyer's permission and "without a proper investigation." Id. Meyer explicitly states that the allegedly false information is not repeated in the complaint, but that defendants' statements containing the false information were made

1

under oath and in public documents.  Id. ¶¶ 17–18.  Meyer then alleges that in 2017, she was publicly attacked based on the false information spread by defendants.  Id. ¶ 20.  Meyer does not allege in what way she was publicly attacked or by whom.  When Meyer realized that the source of the information was defendants, she alleged asked defendants about their conduct, and defendants denied making any false or derogatory statements about Meyer.  Id. ¶¶ 20–21.  Meyer "responded to [Anderson]'s blatant lying by confronting him about having lied to her" and sought more information from him about the statements, but defendants did not respond to Meyer.  Id. ¶¶ 23–25.  Meyer alleges that as a result of defendants' spreading false information about her, Meyer was forced to "compromise her cases at a deep discount rather than run the risk of trying her cases" when allegedly defendants had previously believed that Meyer's cases "were each seven-figure cases."  Id. ¶¶ 41–42.

Meyer brought claims against defendants for breach of fiduciary duty and professional negligence and against JAA for aiding and abetting breach of fiduciary duty.  Meyer also brought an interpleader claim against defendants.  Pursuant to the interpleader claim, Meyer filed a motion to deposit funds and restrain defendants on March 5, 2019.  ECF No. 5.  Defendants responded to the motion on March 19, 2019, ECF No. 6, to which Meyer replied on March 26, 2019, ECF No. 12.  Defendants also filed motion for a more definite statement on March 22, 2019.  ECF No. 8.  Meyer responded on April 5, 2019, ECF No. 14, and defendants replied on April 10, 2019, ECF No. 16.  Both motions are now ripe for review.

## II. DISCUSSION

### A. Motion to Deposit Funds and Restrain Defendants

According to Meyer, defendants are claiming a fee interest in Meyer's personal litigation to which they are not entitled based on the conduct alleged in this case. Meyer's current counsel holds in his trust account the fee to which defendants claim interest, and Meyer wants the court to hold these funds and prevent their distribution to defendants until this case is resolved. As such, Meyer asks the court to enter an order (1) authorizing the clerk of court to accept the contested funds that will be under control of the court pending the court's determination of the parties' rights and obligations pursuant to 28 U.S.C. § 1335, and (2) restraining defendants from instituting any proceeding affecting the funds involved in this suit pursuant to 28 U.S.C. § 2361.

Defendants provide further context to Meyer's request in their response. They explain that when Meyer hired defendants to represent her, the parties entered into a contingency fee agreement. During Meyer's litigation, one of JAA's former attorneys, Gregg Meyers ("Meyers"), left JAA, and Meyer independently retained him as her counsel. Meyers is also Meyer's counsel in this case. Pursuant to Minnesota and South Carolina settlement agreements, defendants and Meyers allegedly agreed to equally split any fees earned during the representation of Meyer. However, Meyer has only paid legal fees to Meyers and not to defendants. Defendants argue that Meyer is simply seeking to avoid paying defendants and is not entitled to her requested interpleader relief because this is not a proper interpleader action. Specifically, they argue that this is not a proper interpleader action because: (1) there is no risk of inconsistent judgments or multiple litigation over the funds; (2) there are not two or more diverse, adverse claimants to the

funds; and (3) Meyer is not in control of the funds. Defendants also argue that Meyer is not entitled to the injunctive relief under § 2361 because she has not brought a proper interpleader action.

"Interpleader is a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund." Sec. Ins. Co. of Hartford v. Arcade Textiles, Inc., 40 F. App'x 767, 769 (4th Cir. 2002). It "is an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." Id. Interpleaders are used when multiple parties claim stake in a single fund, and the party in control of the fund asks the court to retain control of the fund while the court determines which party is entitled to the fund. See, e.g., Tapp v. Minnesota Life Ins. Co., 2017 WL 2839636, at *2 (D.S.C. June 29, 2017) (ordering funds to be deposited with court pursuant to interpleader statute because the plaintiff and the decedent's estate both claimed to be the sole beneficiaries of the decedent's life insurance policy).

There are two types of interpleader: statutory and rule-based. A statutory interpleader exists pursuant to 28 U.S.C. § 1335, which provides that:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more . . . if
> > (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property . . . ; and if (2) the plaintiff has deposited such money or property . . . into the registry of the court, there to abide the judgment of the court, . . . conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

> (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

Rule 22 of the Federal Rules of Civil Procedure also allows interpleader, permitting "[p]ersons with claims that may expose a plaintiff to double or multiple liability" to "be joined as defendants and required to interplead." Rule 22 goes on to clarify that "joinder for interpleader is proper even though the claims of several claimants . . . lack common origin or are adverse." Here, Meyer seeks to establish an interpleader action under both § 1335 and Rule 22. See Compl. ¶¶ 59, 64(c); ECF No. 5 at 1. The statute and Rule 22 "differ in jurisdictional requirements but not in substance." Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, L.L.C., 782 F.3d 186, 192 (5th Cir. 2015). Therefore, the substantive requirements for interpleader, namely, a risk of multiple or inconsistent judgments and adverse claimants, are the same under § 1335 and Rule 22.

The factual scenario presented in this case is not one that meets the requirements of an interpleader. First, Meyer is not at risk for multiple or inconsistent judgments. The only parties claiming right to Meyer's funds are defendants. The only other party involved in this dispute who could be entitled to the funds is Meyer's current counsel, Meyers, but Meyer clarified that her counsel has no claim to the funds. ECF No. 12 at 2 n.1. Therefore, either defendants are entitled to the funds or they are not, leaving no opportunity for multiple or inconsistent judgments. Moreover, there are not multiple, adverse parties that are claiming a right to Meyer's funds. While Meyer has technically named multiple defendants here, Anderson is the owner of JAA. Therefore, Anderson and JAA are not adverse parties.

In addition, a statutory interpleader also requires that the multiple, adverse claimants are diverse. See 28 U.S.C. § 1335(a)(1) (requiring "[t]wo or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, [who] are claiming or may claim to be entitled to such money or property); Sec. Ins. Co. of Hartford, 40 F. App'x at 769 ("Statutory interpleader—the type involved here—rests on diversity of citizenship."). Here, the two named defendants are Anderson and JAA. Even if they were adverse parties, both parties are citizens of Minnesota; therefore, they are not diverse.[1] In conclusion, Meyer has not pleaded a proper interpleader action under § 1335 or Rule 22.

Because Meyer has not properly brought an interpleader action, she is not entitled to an order that restrains defendants from bringing an action related to the funds. In an interpleader action, a district court may "enter its order restraining [claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property . . . in the interpleader action until further order of the court." 28 U.S.C. § 2361. Because this action is not a proper interpleader action, the court cannot grant this relief.

In response to defendants' arguments, Meyer only states that "defendants are simply incorrect when they contend there are not competing claims from diverse parties to the funds proposed to be interpleaded, and are properly restrained from initiating competing claims in any other court." ECF No. 12 at 2. Meyer does not substantively

---

[1] Defendants also argue that Meyer does not have custody or control of her funds, as required by 28 U.S.C. § 1335. The funds at issue are in Meyer's counsel's trust account. Compl. ¶ 58. However, it is unclear to the court whether Meyer can control these funds, as she argues that her consent is required before her counsel can disburse them. Nevertheless, the court need not reach this issue because the interpleader action fails for other reasons previously discussed.

argue how she has properly pleaded an interpleader action, nor does she cite to any case law in support of her motion. Meyer briefly mentions that her counsel cannot disburse the fund without her approval, citing to Rule 1.5 of the Rules of Professional Responsibility; however, any ethical obligations belonging to Meyer's counsel play no role in the court's determination of whether Meyer has properly pleaded an interpleader action. Therefore, the court denies Meyer's motion to transfer funds and restrain defendants.

### B. Motion for a More Definite Statement

Defendants filed a motion for a more definite statement, arguing that Meyer's complaint is so vague and ambiguous that defendants cannot reasonably prepare a responsive pleading. Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Rule 12(e) must be read in connection with Rule 8, which sets the minimum pleading requirements." Doe v. Bayer Corp., 367 F. Supp. 2d 904, 917 (M.D.N.C. 2005). Rule 8 requires a complaint to contain: (1) "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

While a complaint need not contain a level of detail for the defendant to be able to prepare a defense, the complaint must at least be detailed and informative enough so that

the defendant can respond to the allegations.  Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005).  However, "[a] motion for more definite statement 'is not a substitute for the discovery process, and where the information sought by the movant is available or properly sought through discovery, the motion should be denied.'"  Ethox Chem., LLC v. Coca-Cola Co., 2013 WL 41001, at *5 (D.S.C. Jan. 3, 2013).  Indeed, "[t]he motion for more definite statement is 'designed to strike at unintelligibility rather than simple want of detail,' and the motion will be granted only when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading."  Frederick v. Koziol, 727 F. Supp. 1019, 1021 (E.D. Va. 1990) (citations omitted).

Defendants identify 16 paragraphs in the complaint that they argue are so vague and ambiguous that they cannot reasonably respond.  There are three general categories that these paragraphs fall into: (1) allegations related to how defendants breached any obligations or fiduciary duties; (2) allegations related to the false information defendants allegedly spread; and (3) allegations related to how Meyer was damaged.

Meyer responds generally that defendants are well aware of the conduct and issues that are alleged in the complaint, making their motion disingenuous.  Meyer explains that it is defendants' own statements and past public pleadings that are at issue here, meaning that defendants do not need any more information in order to be able to respond to the complaint.  Moreover, Meyer contends that the complaint incorporates Michael Virzi's affidavit, which opines on defendants' breach of professional negligence, and Mr. Virzi's affidavit relies on documents that belong to defendants, including an email chain.  However, the mere fact that defendants' own conduct is at issue does not preclude defendants from seeking a more definite statement on what specific conduct is

the basis for Meyer's allegations. Indeed, Meyer cites to no authority that would suggest this to be the case. Therefore, the court will consider each of the categories of information that defendants seek in a more definite statement from Meyer.

### a. Breach of Obligations or Fiduciary Duties

Defendants contend that ¶¶ 10, 11, 15, 17, 22, and 40 all insufficiently allege what obligations or fiduciary duties defendants owed to Meyer or "third parties," how defendants breached those obligations or duties, and what confidences defendants allegedly disclosed without Meyer's approval. With regard to any duties or obligations owed to Meyer, Meyer alleges that she had an attorney-client relationship with defendants that gave rise to fiduciary obligations. Compl. ¶ 31. Therefore, defendants can determine that Meyer's allegations relate to obligations and fiduciary duties that may arise from the attorney-client relationship between Meyer and defendants. Moreover, ¶ 39 sufficiently alleges how defendants breached their fiduciary duties to Meyer. Therefore, the allegations are detailed enough for defendants to be able to respond to these allegations—namely, whether their attorney-client relationship with Meyer gives rise to fiduciary duties and other obligations, and whether defendants' alleged spreading of false information breached those duties and obligations.

However, there is some specific information within this category of allegations that require more detail for defendants to reasonably be able to respond. First, defendants argue that while Meyer alleges in ¶ 10 that defendants have advanced their own financial interest, Meyer has not alleged in what way defendants did so. Indeed, there are no allegations in the complaint that give context to how defendants advanced any sort of financial interest. In addition, alleging that defendants "purported to speak of [Meyer]'s

9

confidences without her approval," Compl. ¶ 15, is too vague for defendants to know what "confidences" defendants allegedly spoke of without approval. Similarly, there is no context around Meyer's vague reference about Anderson "breaching his obligations to third parties" in ¶ 22 for defendants to determine what third parties Meyer is referring to or what obligations Anderson owed them. Paragraph 17 contains a similar allegation, alleging that defendants "violated ethical duties owed by the defendants to third parties." Therefore, the court instructs Meyer to file a more definite statement that identifies how defendants advanced their own financial interests, what "confidences" defendants allegedly spoke of without Meyer's approval, and what third parties Anderson owed obligations to along with how he breached those obligations.

### b. Allegedly False Information

Defendants argue that ¶¶ 12–14, 17–18, and 21 do not sufficiently allege what false statements were made by defendants or how they were made. Other courts in this circuit have required a plaintiff to make a more definite statement in cases where the plaintiff does not provide sufficient information about the allegedly false statements that are the basis of the plaintiff's claim. See Wright v. Boys & Girls Clubs of the Lowcountry, 2013 WL 3229719, at *2 (D.S.C. June 25, 2013) (adopting magistrate judge's report and recommendation) (granting defendant's motion for a more definite statement on defamation claim and ordering plaintiff to provide time frames and audiences of the allegedly defamatory statements); Tsimpedes v. Martin, 2006 WL 2222393, at *5 (E.D. Va. Aug. 2, 2006) (ordering plaintiff to submit more definite statement about allegedly false communications because "there is no indication whatsoever as to dates, recipients, or contents of the other communications"); Esancy v.

Quinn, 2005 WL 1806413, at *4 (W.D.N.C. July 21, 2005) (granting defendant's motion for more definite statement because defamation claim did not identify any information about the allegedly false statements). For example, in Esancy, the court ordered the plaintiff to submit a more definite statement as to his defamation claim because his complaint merely alleged that the defendant made "false, negative and misleading statements," and the plaintiff never identified the statements by content, date, manner, or recipient. 2005 WL 1806413, at *4.

Here, Meyer makes similarly vague allegations about defendants' allegedly false statements. See, e.g., Compl. ¶ 12 ("[T]he defendants chose to invent, and chose to publicize, false and derogatory information about the plaintiff."); id. ¶ 17 ("At times the defendants stated these false assertions under oath . . . [a]t other times the defendants made false assertions in public documents."); id. ¶ 21 ("[T]he defendants were aware that their false statements had been recorded, and had been made in writing."). Indeed, Meyer specifically states that "defendants' false information is not repeated in this complaint, which concerns breach of fiduciary and professional duties rather than defamation," and she goes on to allege that "defendants' false information was such that it constituted defamation per se." Id. ¶ 18. While Meyer does not bring a defamation claim against defendants, these allegedly false statements are the basis of her professional negligence claim. See id. ¶ 51. Therefore, it is essential for defendants to have more information about these statements in order to respond to Meyer's allegations. The allegedly false information that defendants allegedly spread is clearly crucial to Meyer's case, and defendants cannot respond to these allegations without knowing more information about these statements. Requiring Meyer to provide defendants with the allegedly false

statements they made, when they were made, and to whom they were made is not crossing the line into discovery but is simply informing defendants of what they allegedly said that constitutes professional negligence. Therefore, the court instructs Meyer to file a more definite statement identifying what allegedly false statements were made by defendants, when the statements were made, and to whom the statements were made.

### c. Allegations Related to Damages

The final set of allegations at issue here relate to damages and are in ¶¶ 19, 26, 28, 42, and 53. Specifically, defendants argue that Meyer has not alleged how any of defendants' actions have damaged Meyer. However, Meyer's complaint contains allegations that defendants' actions have caused "great financial loss to" Meyer, Compl. ¶ 28, and forced Meyer to settle her cases "at a deep discount rather than run the risk of trying her cases," id. ¶ 42. While these allegations are rather vague, they are sufficient to generally inform defendants as to how Meyer was damaged. Defendants can obtain more information on how exactly Meyer was damaged and in what amount during discovery. See Ethox Chem., LLC, 2013 WL 41001, at *6 (denying the defendant's motion for a more definite statement of the alleged damages and remedies because "[d]amages and remedies are both topics that the parties can adequately address during the discovery process").

Along the same vein, defendants argue that ¶ 19 needs a more definite statement because Meyer failed to allege how she was publicly attacked, what the attack was, or when it was made. Meyer alleges that she was "publicly attacked on the false basis claimed by the defendants," Compl. ¶ 19, and presumably this public attack is part of Meyer's damages. However, if defendants do not know what this public attack is, then

they can simply deny knowledge of the public attack. Defendants do not explain why they need to know anything more about this public attack in order to respond to Meyer's complaint, and they can obtain more information about it during discovery. Therefore, Meyer need not submit a more definite statement as to her alleged damages.

In conclusion, pursuant to Rule 12(e), Meyer shall have 14 days to submit a more definite statement. Within the statement, Meyer is directed to identify: (1) how defendants advanced their own financial interests, as alleged in ¶ 10; (2) what "confidences" defendants disclosed without Meyer's approval, as alleged in ¶ 15; (3) what "third parties" defendants owed obligations to, and how they breached those obligations, as alleged in ¶¶ 17 and 22; and (4) what "false and defamatory statements" defendants allegedly made about Meyer, when defendants allegedly made those statements, and to whom the statements were made, as alleged in ¶¶ 12–14, 17–18, and 21.

### III. CONCLUSION

For the reasons set forth above, the court denies the motion to deposit funds and restrain the defendants and grants in part and denies in part the motion for a more definite statement.

**AND IT IS SO ORDERED.**

	**DAVID C. NORTON**
	**UNITED STATES DISTRICT JUDGE**

**May 14, 2019**
**Charleston, South Carolina**