# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| PARKER MEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-00640-DCN |
| vs. ) | |
| ) | **ORDER** |
| JEFFREY ANDERSON and JEFF ) | |
| ANDERSON & ASSOCIATES, P.A., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The following matter is before the court on defendants Jeffrey Anderson and Jeff Anderson & Associates, P.A.'s (collectively, "JAA") motion to dismiss, ECF No. 83. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

This action arises from plaintiff Parker Meyer's ("plaintiff") allegations that JAA breached its fiduciary duties to her by negatively affecting the settlement value of her civil lawsuits in South Carolina. The facts surrounding those allegations are immaterial to the instant motion, and, accordingly, the court foregoes a lengthy recitation thereof and instead briefly recounts those facts material to its review. Plaintiff was previously represented in this action by Gregg Meyers ("Meyers"). However, the court concluded that Meyers would be a necessary witness and disqualified him as plaintiff's counsel effective August 3, 2020 (the "Disqualification Order"). ECF No. 76. Thereafter, on August 13, 2020, the court granted a motion to compel filed by JAA and ordered plaintiff to produce "any communication between Meyers and plaintiff that relates to plaintiff's decision to settle her underlying [South Carolina] cases and the valuation of her cases"

1

(the "Discovery Order"). ECF No. 78. On December 28, 2020, Meyers purported to produce documents in response to the Discovery Order and indicated that he would be handling plaintiff's rolling production of documents. ECF No. 83-1. According to JAA, the documents produced were not, in fact, responsive to the Discovery Order.

On January 6, 2021, JAA filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 41. ECF No. 83. On January 20, 2021, plaintiff responded. ECF No. 84. JAA did not file a reply, and the time to do so has now expired. As such, this motion is now ripe for review.

## II. STANDARD

Under Rule 41 of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the court may enter an order of involuntary dismissal. Fed. R. Civ. P. 41(b); see also Gantt v. Md. Div. of Corr., 894 F. Supp. 226, 229 (D. Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626 (1962); White v. Raymark Indust., Inc., 783 F.2d 1175 (4th Cir. 1986)). In assessing whether dismissal is appropriate under Rule 41(b), a court evaluates (1) the degree of the plaintiff's personal responsibility for the failures; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam); see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (upholding the district court's dismissal of the lawsuit for failure to obey a court order).

### III.  DISCUSSION

JAA argues that dismissal is warranted under Rule 41 because plaintiff failed to comply with this court's Disqualification Order and Discovery Order.  Accordingly, the court must determine whether plaintiff violated either order and, if so, whether dismissal is appropriate for any such violation.

**1.  Compliance with the Disqualification Order**

JAA first argues that Meyers' December 28, 2020 production of documents and subsequent handling of plaintiff's document production violate the Disqualification Order.  Plaintiff, on the other hand, argues that "[n]othing about that work make[s] Mr. Meyers counsel of record, conflicts with his witness capacity, or gives him a role in the trial of the case, or violates the [Disqualification Order]."  ECF No. 84 at 2.  Plaintiff explains that, because the requested documents are "tens of thousands of pages," her present counsel, Paul A. James, "decided that the most expeditious manner to produce the documents in question was to direct Mr. Meyers to produce the documents directly to the defense counsel instead of sending them to Plaintiff's present counsel and then to the defense."  Id. at 2.  Plaintiff further explains that Meyers "holds the [requested] records, he is most familiar with the records, and he has assisted present counsel in identifying what among those voluminous documents is responsive to the request."  Id.

The court agrees with JAA that Meyers' role in document production violates the Disqualification Order.  The court is perplexed by plaintiff's argument that Meyers was not acting as plaintiff's counsel when he reviewed the relevant documents, determined responsiveness, asserted privilege, made redactions, and signed and purportedly certified the production, all on plaintiff's behalf.  Plaintiff flatly admits that Meyers was

3

responsible for "identifying what among th[e] voluminous documents [wa]s responsive to the request." Id. at 4. Plaintiff also states Meyers provided a privilege log in connection with the production. Id. at 2. In a communication from Meyers to counsel for JAA, Meyers states that he "marked as confidential" and "redacted" certain documents. ECF No. 83-1. Importantly, the Discovery Order was directed at plaintiff and required plaintiff, not Meyers, to respond to the discovery request. As such, Meyers did these tasks not on his own behalf, but on behalf of plaintiff. Moreover, under Federal Rule of Civil Procedure 26(g)(1), every discovery response, including document productions, "must be signed by at least one attorney of record in the attorney's own name." Rule 26(g)(1) further provides that by signing the discovery response, the attorney makes certain certifications regarding the production. Because the court disqualified Meyers, he is not an attorney of record and thus his signing and certification of plaintiff's production is improper.

The court is likewise puzzled by plaintiff's argument that Meyers "holds the records," such that his involvement in the document production was proper. ECF No. 84 at 2. The court ordered plaintiff to produce "any communication between Meyers and plaintiff that relates to plaintiff's decision to settle her underlying [South Carolina] cases and the valuation of her cases." ECF No. 78. Because the Discovery Order is directed at plaintiff alone, only documents in plaintiff's—not Meyers'—possession were to be produced. In other words, plaintiff's computer, email server, and files should have been searched for responsive communications; not Meyers'. It is irrelevant that, because the requested communications are between plaintiff and Meyers, Meyers himself also has copies of these communications. If JAA was interested in Meyers' copies of these

communications, it could have subpoenaed Meyers for the same. However, as it stands, the court only ordered production of plaintiff's documents. Additionally, when this court disqualified Meyers as counsel, Meyers should have returned all plaintiff's documents to plaintiff or James, meaning that he should no longer possess any documents belonging to plaintiff. Therefore, Meyers could not have produced plaintiff's documents in this action without violating the Disqualification Order. In sum, the court finds that Meyers purported to act as plaintiff's counsel in connection with the document production, as expressly prohibited by the Disqualification Order. As such, the court finds that Meyers violated the Disqualification Order.

### 2. Compliance with Discovery Order

JAA next argues that plaintiff has "ignored" the Discovery Order. ECF No. 83 at 5. According to JAA, James claimed that he "was getting up to speed and gathering documents" after Meyers' disqualification, and, for this reason, JAA granted him several extensions on the document production. ECF No. 83 at 5. Despite these extensions, James produced no documents himself. Instead, Meyers produced documents four months after the Discovery Order was issued, none of which were actually responsive, since they apparently were not plaintiff's documents. Counsel for plaintiff responds that no responsive documents exist, such that the Discovery Order was not violated. Of course, given the fact that Meyers was responsible for reviewing and determining responsiveness of the documents, James cannot assert that fact in his own right. He can only rely on Meyers' assertion of the same. Because Meyers has a conflict of interest as a necessary witness in this case, the court is not satisfied that no responsive documents exist by his word alone. Regardless, JAA is entitled to a discovery response from

plaintiff that complies with Rule 26(g)(1). As explained above, because Meyers handled and signed the document production at issue, it does not comply with Rule 26(g)(1). As such, the court finds that plaintiff has failed to comply with the Discovery Order.

### 3. Sanctions

Because the court finds that plaintiff failed to comply with both the Disqualification Order and the Discovery Order, it must next determine whether dismissal is appropriate under Rule 41(b). The court finds that it is not.

District courts unquestionably have authority to grant a motion to dismiss for want of prosecution. Fed. R. Civ. P. 41(b). But courts interpreting the rule uniformly hold that it cannot be automatically or mechanically applied. As the Fourth Circuit has explained, the court's power to prevent delays "must be weighed [against?] the sound public policy of deciding cases on their merits." Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974). Consequently, dismissal "must be tempered by a careful exercise of judicial discretion." Durgin v. Graham, 372 F.2d 130, 131 (5th Cir. 1967). Dismissal for party noncompliance is reserved for "the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for authority of the district court and the Rules." Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989). While the propriety of dismissal ultimately turns on the facts of each case, criteria for judging whether the discretion of the trial court has been soundly exercised have been stated frequently. Rightfully, courts are reluctant to punish a client for the behavior of his lawyer. Edsall v. Penn Central Transportation Co., 479 F.2d 33, 35 (6th Cir. 1973). Therefore, in situations where a party is not responsible for the fault of his attorney, dismissal may be invoked only in extreme circumstances. Industrial

Building Materials, Inc. v. Interchemical Corp., 437 F.2d 1336, 1339 (9th Cir. 1970); Hillig v. Comm'r, 916 F.2d 171, 174 (4th Cir. 1990) ("A dismissal sanction is usually inappropriate when it unjustly penalizes a blameless client for the attorney's behavior."). Indeed, it has been observed that "the decided cases, while noting that dismissal is a discretionary matter, have generally permitted it only in the face of a clear record of delay or contumacious conduct by the plaintiff." Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967). Appellate courts have frequently found an abuse of discretion where trial courts opt for dismissal without considering less severe sanctions. See e.g., Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971); Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 887 (5th Cir. 1968); Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146, 148 (3d Cir. 1968). And generally, lack of prejudice to the defendant, though not a bar to dismissal, is a factor that must be considered in determining whether the trial court exercised sound discretion. Pearson v. Dennison, 353 F.2d 24, 28 (9th Cir. 1965).

      JAA has failed to show how plaintiff is personally responsible in any way for her present and former lawyers' violations of the court's orders. Based on the information before the court, it appears the fault rests solely with plaintiff's counsel and Meyers, and plaintiff had no reason to believe that either would fail to comply with the court's orders. JAA has likewise failed to show how it is prejudiced by the noncompliance. JAA only argues that four months have passed since the court entered the Discovery Order, and it has not yet received any responsive documents. However, JAA fails to articulate how this delay amounts to any cognizable prejudice. JAA similarly fails to cite any evidence to show that plaintiff has a history of deliberately proceeding in a dilatory fashion. With

respect to the instant violations, the court finds that less drastic sanctions are available, such as monetary sanctions, a contempt citation, or an award of reasonable attorney's fees. JAA generally argues that "lesser sanctions would be ineffective or inappropriate given the Court's clear instructions provided in these Orders;" however, the court is not so convinced. First, a sanction tailored to punish the attorneys instead of the plaintiff generally better reconciles the Fourth Circuit's strong policy favoring resolution of cases on the merits with the court's legitimate concern for deterring noncompliance with its rules. Second, while Meyers' involvement in the document production was undoubtedly imprudent, the court does not find that the conduct amounted to stubborn disobedience towards the court orders. Both violations arise from Meyers' involvement in the document production. His involvement violated the Disqualification Order because Meyers acted as plaintiff's counsel by reviewing documents, asserting privilege, and certifying the production on plaintiff's behalf; it violated the Discovery Order because his deficient production prevented plaintiff from providing a Rule 26(g)(1) compliant discovery response. Meyers was forthright with opposing counsel regarding his involvement, signing the initial production in his name and openly stating that he was handling the rolling production. Given this transparency, the court has no reason to doubt plaintiff's assertion that Meyers' involvement was only intended to "promote efficiency" and arose out the erroneous belief that such action was "no different tha[n?] when a witness has custody and control of voluminous documents in a case and that witness provides those documents directly to opposing counsel." ECF No. 84 at 2. The record indicates poor judgment by Meyers and plaintiff's counsel in this isolated incident, but it does not support a conclusion that the violations were deliberate and egregious enough to

weigh in favor of dismissal of their client's case. The court, however, warns that any further involvement by Meyers in a representative capacity in this action will likely merit a different conclusion.[1]

Overall, JAA does not cite "a clear record of delay" by plaintiff, and the missteps cited by JAA do not amount to "contumacious conduct." Durham, 385 F.2d at 368. As such, this is not the "most flagrant case" of bad faith and callous disregard for the authority of the district court that might justify dismissal. See Hillig, 916 F.2d at 174 (reversing Rule 41(b) dismissal in part because counsel's noncompliance spanned only three months, resulted from miscommunication, and was not known to client); Reizakis, 490 F.2d at 1134–35 (reversing Rule 41(b) dismissal because lack of trial preparation resulted from miscommunication between retained counsel and local counsel and plaintiff was not personally responsible). Therefore, the court declines to impose sanctions and instead orders plaintiff to rectify the deficiencies in her document production by reconducting the review of her documents for responsiveness and privilege and reproducing the same in a Rule 26(g)(1) compliant manner by June 1, 2021.[2]

---

[1] If Mr. James is going to continue to represent plaintiff, he must act as her lawyer, not as the doppelgänger of her former lawyer.

[2] Under the operative scheduling order, ECF No. 82, the discovery deadline expires on May 3, 2021 and trial is scheduled for the term of court beginning July 1, 2021. As lawyers in this district and indeed all over the country are no doubt aware, that date is highly aspirational at this time. The justice system has made sacrifices to protect the safety of its participants while ensuring that its wheels continue to turn, however slowly, during the COVID-19 pandemic. Unfortunately, one of those sacrifices has been conducting jury trials. The trial in this case, suffice it to say, will not be conducted in July. The court therefore orders that the discovery deadline shall be extended to September 1, 2021 to allow the parties to complete discovery in accordance with this order.

## IV. CONCLUSION

For the reasons set forth above, the court **DENIES** the motion to dismiss.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 13, 2021**
**Charleston, South Carolina**